# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JUNIEL,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CLAUSEN, et al.,<br><br>        Defendants. | 1:18-cv-01118-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 16.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Richard Juniel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 20, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On August 29, 2019, Plaintiff filed a motion for court assistance directing prison officials to locate and return his personal property that was not transferred with him to Folsom State Prison in June 2019. (ECF No. 16.) The court construes Plaintiff's motion as a request for preliminary injunctive relief.

**II.    PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation

1

omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

**Discussion**

To the extent that Plaintiff seeks a court order compelling officers at Folsom State Prison, or Ironwood State Prison, to act on his behalf, the court lacks jurisdiction in this case to issue such an order as the order would not remedy any of the excessive force or retaliation claims upon which this case proceeds. This case was filed against defendants Clausen and Randolph based on events occurring in August 2017 at Corcoran State Prison when Plaintiff was incarcerated there. Plaintiff now requests the court to order CDCR or prison officials to locate his personal property and return it to him at Folsom State Prison. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's request must be denied.

**III.    CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's request for preliminary injunctive relief, filed on August 29, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to

2

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 17, 2019**              /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE