# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JUNIEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLAUSEN, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01118-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**<br>**(ECF No. 26.)**<br><br>**ORDER FOR PLAINTIFF TO PROVIDE DEFENDANTS WITH NAMES OF THE THREE INMATES WHO WITNESSED THE AUGUST 18, 2017 SHOOTING INCIDENT, WITHIN FIFTEEN DAYS**<br><br>**ORDER FOR PLAINTIFF SHOW CAUSE, WITHIN THIRTY DAYS WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED** |

## I. BACKGROUND

Richard Juniel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 20, 2018. (ECF No. 1.) The case now proceeds with the original Complaint against defendant Correctional Officer (C/O) J. Clausen for use of excessive force and against defendant Lieutenant (Lt.) A. Randolph for retaliation.

Now pending is Defendants' February 26, 2020 motion to compel and for sanctions. (ECF No. 26.) On July 23, 2020, Plaintiff filed an opposition to the motion to compel. (ECF No. 29.) On July 31, 2020, Defendants filed a reply to Plaintiff's response. (ECF No. 31.)

## II. PLAINTIFF'S ALLEGATIONS

The events at issue in the Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants C/O J.

Clausen and Lt. A. Randolph (collectively, "Defendants").  A summary of Plaintiff's allegations follows:

### August 18, 2017 Shooting Incident – defendant C/O Clausen

On August 18, 2017, at CSP on Facility C, an incident occurred on the recreation yard resulting in all inmates lying prone on the ground and in handcuffs. The handcuffs were placed on Plaintiff incorrectly and excessively tight causing him immediate discomfort. For two hours Plaintiff asked correctional officers to adjust his handcuffs, to no avail. After two hours on the ground Plaintiff began to stand up to ask for medical attention. As Plaintiff stood to his feet defendant C/O Clausen walked quickly in Plaintiff's direction with his 40mm launcher aimed at Plaintiff's chest and shouted, "Hey!"  Complaint, ECF No. 1 at 5.  From 30 to 40 feet away defendant Clausen aimed his launcher at Plaintiff's groin and fired a direct impact round on Plaintiff's penis while he was still handcuffed. Plaintiff immediately fell to the ground. Due to the extent of his injuries Plaintiff was taken to Mercy Hospital by ambulance. He was evaluated by several injury specialists who concluded that Plaintiff had sustained permanent penile and testicular damage. On August 22, 2017, Plaintiff filed a CDCR 602 staff complaint against defendant Clausen.

### September 13, 2017 Unclothed Body Search – defendant Lt. Randolph

On September 13, 2017, defendant Lt. Randolph came to Plaintiff's cell with defendant C/O Navarro and non-defendant C/O Vela. Lt. Randolph aggressively asked Plaintiff to step out of the cell. Due to concern for his safety Plaintiff asked Lt. Randolph what was going on. Lt. Randolph stated that if Plaintiff did not step out of the cell immediately he would place Plaintiff back in handcuffs, into a holding cell in the program office, and hold him there for the entire second and third watch shifts. Plaintiff exited the cell and was placed into a locked shower stall. Lt. Randolph searched Plaintiff's cell then approached him in the shower stall with a box of Plaintiff's personal property. Lt. Randolph ordered Plaintiff to remove his clothing for an unclothed body strip search, and Plaintiff complied. Lt. Randolph ordered Plaintiff to bend over, spread his buttocks apart and remain in that position for an extended period of time. Lt. Randolph told Plaintiff, "You can't be filing sh** against my union reps," referring to defendant Clausen

and the fact that Plaintiff had submitted a staff complaint. Complaint, ECF No. 1 at 6-7. Plaintiff asked Lt. Randolph why he was "tripping" with Plaintiff. Id. at 7. Randolph said he was not tripping with Plaintiff yet, and if he was he would have the officer in the observation control tower "shoot my ass." Id. On September 13, 2017, Plaintiff submitted a CDCR 602 staff complaint regarding this incident. The administrative appellate remedies were exhausted at the Director's level of review on February 12, 2018.

### III.     MOTION TO COMPEL -- LEGAL STANDARDS

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

A party may take another party's duly noticed deposition in person as a matter of right. Fed. R Civ. P. 30. A party who is served with a deposition notice that complies with Rule 30(b) is obligated to appear and testify. Scott v. Palmer, No. 1:09-CV-01329-LJO, 2014 WL 6685813, at *2 (E.D. Cal. Nov. 26, 2014). A party who has attempted to take the deposition of another may seek an order compelling an uncooperative deponent to answer a question. Fed. R. Civ. P. 37(a)((3)(B)(i). Where a deponent appears for his deposition but refuses to answer questions, the proper remedy is a court order to testify. Fed. R. Civ .P. 37(a) (3); Scott, WL 6685813, at *3, citing Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id.

**IV. DEFENDANTS' MOTION TO COMPEL**

Defendants seek a court order compelling Plaintiff to disclose the names of the three inmates who witnessed the August 18, 2017 excessive force incident described in Plaintiff's Complaint.

On January 21, 2020, defense counsel deposed Plaintiff at Folsom State Prison, in Represa, California. (Decl. A. Whisnand, ¶ 2, Ex. A at Whisnand.001 [Pl.'s Dep., p. 1].) The deposition was properly noticed under Federal Rule of Civil Procedure 30. (Id., ¶ 3, Ex. B.) Towards the end of the deposition, however, Plaintiff refused to answer defense counsel's questions concerning witnesses that Plaintiff intended to call at trial. The exchange went as follows:

Q. If this case goes to trial, who do you intend to call as witnesses?

A. Several inmates. Several officers that were witnesses to the incident.

| | | |
|---|---|---|
| 1 | Q. | Do you know the names of any of the inmates or officers? |
| 2 | A. | Yes. |
| 3 | Q. | What are some of the names? |
| 4 | A. | Yeah, well, I am still getting the names of the officers. If this case goes to trial, I will have them by then. |
| 6 | Q. | Off the top of your head right now, you don't know any names of the witnesses that witnessed you get shot? |
| 8 | A. | Yes. |
| 9 | Q. | What are some of the names? |
| 10 | A. | I don't want to give them right now. |
| 11 | Q. | Why not? |
| 12 | A. | Because I just don't. |
| 13 | Q. | You understand that you are under an obligation to give truthful, accurate testimony, right? |
| 15 | A. | Yes, I am. |
| 16 | Q. | If defendants have to file a motion to compel with the court to get the names of the inmates, you might be subject to sanctions; do you understand? |
| 18 | A. | Yes, sir. |
| 19 | Q. | Knowing that, you still don't want to give names of the witnesses that may have witnessed you being shot? |
| 21 | A. | No, sir. |
| 22 | . . . | |
| 23 | Q. | I know you don't want to disclose the names of the inmates that may have witnessed the incident where you were shot, but do you know how many inmates you are contemplating as witnesses? |
| 26 | A. | Three. |

(Id., Ex. A at Whisnand.007-009 [Pl.'s Dep., p. 38:12 – 40:4].)  Defendants assert that Plaintiff did not offer any objection to defense counsel's questions, and since the deposition Plaintiff has not supplemented his answers.

### A.      **Plaintiff's Opposition**

Plaintiff responds that he did not provide Defendants with names of his inmate witnesses for trial because at the time of the deposition he did not know the names or inmate numbers of the inmates who were present during defendant Clausen's misconduct.  Plaintiff planned to contact the inmates, ask them if they would be willing to testify in this case, and then notify the court and defendants' counsel.  Plaintiff asserts that he was unable to contact the inmates and therefore does not plan to call any witnesses to testify at trial except himself, defendant Clausen, defendant Randolph, and Lieutenant Brown.

### B.      **Defendants' Reply**

In response to Plaintiff's assertion that he did not know the names of his inmate witnesses at the time of the deposition, Defendants assert that Plaintiff admitted at least three times during his deposition that he knew the names of the three inmates but was refusing to provide them.  It was clearly explained to Plaintiff that he could be sanctioned for failing to provide the names of his witnesses, thus Defendants argue that Plaintiff should not now be able to shield material witnesses simply by waiving his right to call them as witnesses.  Defendants will never know whether these witnesses have relevant information unless they have an opportunity to interview them.

### C.      **Discussion and Conclusion**

Defendants' argument that Plaintiff should not now be able to shield material witnesses simply by waiving his right to call them as witnesses has merit.  To the extent that Plaintiff intends to call inmate-witnesses at trial, Defendants are entitled to their identity in response to a discovery request.  G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc., No. 24CV01199DAEGWF, 2008 WL 11388585, at *3 (D. Nev. June 18, 2008).  On the other hand, if Plaintiff does not intend to call any inmate-witnesses at trial, which appears to be the case here, the court shall not compel Plaintiff to provide other witness information, such as the witnesses'

expected testimony, to Defendants. (Id.) Plaintiff is advised that if he fails to provide the requested witness information, or to identify a witness he intends to call, he will not be allowed to later use that information, or witness, to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. Pro. 37(c)(1). Plaintiff's failure to object to questions at his deposition constitutes a waiver of any objections Plaintiff might now have. Ramirez v. Cty. of Los Angeles, 231 F.R.D. 407, 409–10 (C.D. Cal. 2005), citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection.").

Due to the burden and expense of conducting a deposition in an institutional setting, Defendants have indicated that they do not desire to depose Plaintiff a second time to obtain the answers to these questions. Instead, Defendants propose that the court order Plaintiff to provide verified responses to the deposition question(s) as he would with interrogatories under Rule 33. Defendants' proposal is approved. Plaintiff shall be required to inform Defendants in writing, within fifteen days, of the names of the three inmates who he referred to in his deposition as being witnesses the shooting incident on August 18, 2017. The interrogatory must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b).

> **Q.    Provide the names, if you know them, of the three inmates who witnessed the shooting incident on August 18, 2017.**
> **A.    1)**
>    **2)**
>    **3)**
> **I declare under penalty of perjury that the foregoing is true and correct.**
> **Dated:_____   Signed:_____**

Plaintiff must restate the question in writing and answer it fully in writing under oath. Fed. R. Civ. P. 33((b)(3). At the end of the answers, as shown above, Plaintiff must state in

writing, "I declare under penalty of perjury that the foregoing is true and correct," and date and sign underneath.

Based on the foregoing, Defendants' motion to compel shall be granted.

## V.   DEFENDANTS' REQUEST FOR DISCOVERY SANCTIONS -- RULE 37

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

Defense counsel argues that Plaintiff's failure to cooperate in the deposition has taken time away from his ability to prepare a defense in this case and time away from other cases that require his attention.  (Decl. A. Whisnand, ECF No. 26-2 ¶ 5.)  Defense counsel's office bills clients at a rate of $220 per hour, in quarter hour increments, and he has personally billed at least six hours ($1,320) in preparing the motion to compel.  (Id. ¶ 4)  This figure does not include time spent by counsel's support staff or his supervisor (who also bills at a rate of $220 per hour in reviewing and editing filings in this case).  (Id.)

In opposition to Defendants' request for expenses, Plaintiff argues that Defendants cannot cite case law to support a request for expenses, and Defendants have not shown that Plaintiff's failure to answer questions caused a loss of funds in anyone's budget.  Plaintiff argues that

Defendants are not entitled to any compensation "simply because Plaintiff could not provide witness information." (ECF No. 29 at 2.)

Based on the foregoing, Plaintiff shall be required to show cause in writing within thirty days why the court should not impose sanctions of $1,320 on Plaintiff for Defendants' costs of bringing this motion to compel due to Plaintiff's failure to respond to Defendants' questions about Plaintiff's inmate witnesses at his deposition held on January 21, 2020.

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed on February 26, 2020, is GRANTED in part;
2. Plaintiff is required to provide <u>to Defendants</u> the names of the three inmates who witnessed the August 18, 2017 incident in which Plaintiff was shot by defendant Clausen, **within fifteen days** of the date of service of this order, as instructed by this order;
3. In addition, Plaintiff is required to show cause <u>to the court</u> in writing **within thirty days** of the date of service of this order why the court should not impose sanctions of $1,320 on Plaintiff for Defendants' costs of bringing this motion to compel due to Plaintiff's failure to respond to Defendants' questions about Plaintiff's inmate witnesses at his deposition on January 21, 2020; and
4. Plaintiff's failure to comply with this order may result in sanctions, including the dismissal of this action.

IT IS SO ORDERED.

Dated: __**August 11, 2020**__          __/s/ Gary S. Austin__
                                          UNITED STATES MAGISTRATE JUDGE