# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JUNIEL,<br><br>                    Plaintiff,<br><br>          v.<br><br>CLAUSEN, et al.,<br><br>                    Defendants. | 1:18-cv-01118-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR MONETARY SANCTIONS**<br>**(ECF No. 26.)**<br><br>**SIXTY-DAY DEADLINE FOR PLAINTIFF TO PAY $1,320.00 TO DEFENSE COUNSEL AT THE ATTORNEY GENERAL'S OFFICE** |

## I.    PROCEDURAL BACKGROUND

Richard Juniel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 20, 2018.  (ECF No. 1.)  The case now proceeds with the original Complaint against defendant Correctional Officer (C/O) J. Clausen for use of excessive force, and against defendant Lieutenant (Lt.) A. Randolph for retaliation.  Plaintiff alleges in the Complaint that  on August 18, 2017, at Corcoran State Prison, defendant Clausen aimed his 40mm launcher at Plaintiff's groin and fired a direct impact round on Plaintiff's penis while he was still handcuffed, and that on September 13, 2017, defendant Lt. Randolph ordered Plaintiff to remove his clothing for a body search, bend over, spread his buttocks apart, and remain in that position for an extended period of time threatening Plaintiff not to file grievances against staff.

On February 26, 2020, defendants Clausen and Randolph filed a motion to compel deposition testimony and for sanctions against Plaintiff. (ECF No. 26.) On August 11, 2020, the court granted Defendants' motion to compel and ordered Plaintiff to respond to the court's order to show cause why monetary sanctions should not be imposed against him. (ECF No. 32.) On August 27, 2020, Plaintiff filed a response to the court's order. (ECF No. 33.)

## II.     FACTUAL BACKGROUND

On January 21, 2020, defense counsel deposed Plaintiff at Folsom State Prison, in Represa, California. (Decl. A. Whisnand, ECF 26-2 ¶ 2, Ex. A at Whisnand.001 [Pl.'s Dep., p. 1].) The deposition was properly noticed under Federal Rule of Civil Procedure 30. (Id., ¶ 3, Ex. B.) Towards the end of the deposition however, Plaintiff refused to answer defense counsel's questions concerning witnesses that Plaintiff intended to call at trial. The exchange went as follows:

> Q.   If this case goes to trial, who do you intend to call as witnesses?
> A.   Several inmates. Several officers that were witnesses to the incident.
> Q.   Do you know the names of any of the inmates or officers?
> A.   Yes.
> Q.   What are some of the names?
> A.   Yeah, well, I am still getting the names of the officers. If this case goes to trial, I will have them by then.
> Q.   Off the top of your head right now, you don't know any names of the witnesses that witnessed you get shot?
> A.   Yes.
> Q.   What are some of the names?
> A.   I don't want to give them right now.
> Q.   Why not?
> A.   Because I just don't.
> Q.   You understand that you are under an obligation to give truthful, accurate testimony, right?

| | | |
|---|---|---|
| A. | Yes, I am. | |
| Q. | If defendants have to file a motion to compel with the court to get the names of the inmates, you might be subject to sanctions; do you understand? | |
| A. | Yes, sir. | |
| Q. | Knowing that, you still don't want to give names of the witnesses that may have witnessed you being shot? | |
| A. | No, sir. | |
| . . . | | |
| Q. | I know you don't want to disclose the names of the inmates that may have witnessed the incident where you were shot, but do you know how many inmates you are contemplating as witnesses? | |
| A. | Three. | |

(Id., Ex. A at Whisnand.007-009 [Pl.'s Dep., p. 38:12 – 40:4].)  Defendants asserted that Plaintiff did not offer any objection to defense counsel's questions, and since the deposition Plaintiff had not supplemented his answers.

On February 26, 2020, defendants Clausen and Randolph filed a motion to compel deposition testimony and for sanctions.  (ECF No. 26.)  Plaintiff responded that he did not provide Defendants with names of his inmate witnesses for trial because at the time of the deposition he did not know the names or inmate numbers of the inmates who were present during defendant Clausen's misconduct.  On August 11, 2020, the court granted Defendants' motion to compel and ordered Plaintiff to provide the three witnesses' names to Defendants and to show cause why monetary sanctions should not be imposed against him.  (ECF No. 32.)  On August 27, 2020, Plaintiff filed a response to the order.  (ECF No. 33.)

Plaintiff responded that he cannot provide the names of the three witnesses because he does not know the names and has not been able to find out the names.  He contends that if Defendants truly wanted the names they could have contacted Corcoran State Prison's records office to obtain reports of incidents that document any inmate or staff witnesses.  However, Plaintiff acknowledges that unfortunately a Crime-Incident Report was not made after he was

shot by defendant Clausen.  Plaintiff asserts that there was no willful and intentional act on his part to show that he deliberately defied, refused to cooperate, or hid discovery or evidence, including witness information.  Plaintiff claims that he answered every question during the deposition truthfully   and argues that defense counsel has not made an effort to find out the names of the inmate witnesses who were present during the shooting.  According to Plaintiff, he should not be held liable because defense counsel wrongly inferred he was being uncooperative, or because he did not answer the deposition questions to Defendants' satisfaction.  Plaintiff denies that his conduct necessitated Defendants' motion to compel and that defense counsel has not been denied discovery nor shown any actual or substantial prejudice because Plaintiff did not know the names of the witnesses he wanted to call.  Plaintiff concludes by stating that "Defendants counsel and his office are 'living it up' using taxpayers money to file unnecessary fancy over the top motions, when they could be billing clients at far cheaper rates."  (ECF No. 33 at 4.)

### III.    DISCUSSION

Plaintiff refused to answer questions at his deposition and the Court's subsequent order granting Defendants' motion to compel entitles Defendants to reasonable expenses incurred in making their motion to compel, including attorney's fees, unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

Defendants seek attorney's fees in the amount of $1,320.000 for preparing their motion to compel.  Defense counsel attests that the billable hourly rate for attorneys with the Attorney General's Office is $220.00.  Plaintiff argues that counsel "could be billing clients at far cheaper rates."  (ECF No. 33 at 4.)  This argument is unavailing.  Counsel has attested under penalty of perjury that $220.00 an hour is his current billable hourly rate as an attorney with the Attorney General's Office.  (Decl. A. Whisnand, ECF No. 26-2 ¶ 5.)  Plaintiff has provided no evidence bringing this rate into dispute.  Further, Defendants are seeking this expense based on the time it took to prepare and file their motion to compel, which they are entitled to do.

Plaintiff's arguments refusing to acknowledge any wrongdoing on his part contradicts the record in this case. Plaintiff's disregard of his obligation to fully cooperate in discovery in good faith requires that sanctions be imposed, therefore Defendants' motion for sanctions shall be granted. Plaintiff shall be required to pay monetary sanctions of $1,320.00 to defense counsel at the Attorney General's Office within sixty days.

### IV. CONCLUSION

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Defendants' motion for monetary sanctions in the amount of $1,320.00 is GRANTED;
2. Within **sixty (60) days** from the date of service of this order, Plaintiff shall pay $1,320.00 to defense counsel at the Office of the Attorney General; and
3. Plaintiff's failure to pay this sanction as ordered may result in the imposition of additional sanctions deemed appropriate by the Court.

IT IS SO ORDERED.

Dated:   **September 21, 2020**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE